IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CLAYTON DEAN MORRISON                                                      PLAINTIFF

v.                                     Civil No. 6:18-CV-06058

LIEUTENANT LINGO                                                           DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Hon. Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Defendant Lingo's Motion for Summary Judgment. (ECF No. 30).

### I. BACKGROUND

Plaintiff filed his Complaint in the Eastern District of Arkansas on June 14, 2018. (ECF No. 2). It was transferred to this District on June 26, 2018. (ECF No. 3). On June 26, 2018, July 17, 2018, and August 6, 2018, Plaintiff was directed to file a completed *in forma pauperis* application (ECF Nos. 6, 8, 12), and he eventually did so on August 15, 2018 (ECF No. 13). On July 11, 2018, Plaintiff filed a motion seeking leave to amend his complaint. (ECF No. 7). On August 16, 2018, the Court entered an Order granting Plaintiff leave to amend his complaint. (ECF No. 15). Plaintiff filed his First Amended Complaint on September 12, 2018. (ECF No. 17). On September 13, 2018, the Court entered an Order directing Plaintiff to file a second Amended Complaint to correct deficiencies in his First Amended Complaint. (ECF No. 18). Plaintiff filed his Second Amended Complaint on October 12, 2018. (ECF No. 19).

1

Plaintiff alleges that on May 22, 2018, while he was incarcerated in the Hot Spring County Detention Center ("HSCDC"), Defendant Lingo denied him surgery to repair broken bones in his right wrist. Plaintiff alleges he was brought into HCDC with a broken wrist. (ECF No. 19 at 5). He was taken to Baptist Medical Center where his wrist was x-rayed, and he was told that he would need surgery to fix the wrist. He was never taken back for surgery. (*Id*.). As a result, Plaintiff's wrist healed incorrectly, and he now has little use of his right hand. (ECF No. 19 at 3). Plaintiff alleges that he will need surgery that will re-break the bones so that they can heal properly. (*Id*.). Plaintiff proceeds against Defendant Lingo in both his official and personal capacity. (*Id*.). He seeks compensatory damages, including the medical costs to have his wrist repaired. (*Id*. at 5).

Defendant Lingo filed his Motion for Summary Judgment on July 15, 2019. (ECF No. 30). On July 16, 2019, the Court entered an Order directing Plaintiff to file a Response to the Motion by August 6, 2019. (ECF No. 33). On July 26, 2019, Plaintiff filed a Motion to Appoint Counsel (ECF No. 34), which was denied on July 30, 2019 (ECF No. 35). On August 7, 2019, the Court entered an Order directing Plaintiff to show cause as to why he failed to file a Response to the Summary Judgment Motion. (ECF No. 36). On August 12, 2019, Plaintiff filed a second Motion to Appoint Counsel (ECF No. 37), which was denied on August 13, 2019 (ECF No. 38). In the Order, Plaintiff was given until August 28, 2019 to file his Response. (*Id*.). On August 26, 2019, Plaintiff filed his Response to the Summary Judgment Motion. (ECF No. 39).

## II.  LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with

the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id*. (citing *Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III. ANALYSIS

Defendant Lingo argues that case against him should be dismissed because: (1) Plaintiff cannot demonstrate that his alleged injuries resulted from a policy or custom in place at the Hot Spring County Detention Center, and (2) he is entitled to qualified immunity because Plaintiff failed to establish that any failure to treat his wrist led to a constitutional violation. (ECF No. 31 at 3, 5).

Plaintiff argues that when he was arrested he was forced to remove a splint on his healing broken wrist so that he could be placed in handcuffs. This re-fractured his wrist to a "worse state than prior to his arrest." (ECF No. 39 at 1). He was taken to the Hot Springs Baptist Hospital and was referred to a surgeon so that his wrist could be fixed correctly. The Hot Spring County Sheriff's Department did not do as they were told, and Plaintiff is now suffering as a result. (*Id*.). Plaintiff asks leave to subpoena his medical records from the Arkansas Department of Correction

3

("ADC") so that he can show that his wrist healed incorrectly at a forty-five degree angle and is causing nerve damage.[1] Plaintiff states that he is a welder and will not be able to return to work until his wrist is fixed. (*Id.*).

### A. Official Capacity Claims

Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both. In *Gorman v. Bartch,* 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit Court of Appeals discussed the distinction between individual and official capacity suits. As explained by the Court in *Gorman*:

> "Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24-27, 112 S.Ct. at 361-62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25-27, 112 S.Ct. at 362."

*Gorman,* 152 F.3d at 914.

Here, Plaintiff has not alleged that any custom or policy of HSCDC was responsible for the alleged denial of surgery for his right wrist. Accordingly, it is recommended that Plaintiff's official capacity claims be dismissed.

### B. Denial of Surgery

The Eighth Amendment prohibition of cruel and unusual punishment prohibits deliberate indifference to prisoners' serious medical needs. *Luckert v. Dodge County*, 684 F.3d 808, 817 (8th

---

[1] The Court entered an Initial Scheduling Order in this case on January 31, 2019. (ECF No. 25). The deadline to complete discovery was May 31, 2019. (*Id.* at 2). Plaintiff filed no motions during the case indicating that he was experiencing any difficulty in gaining access to documents. The summary judgment motion will, therefore, be analyzed based on the submissions currently filed with the Court.

Cir. 2012). To prevail on his Eighth Amendment claim, Plaintiff must prove that Defendants acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

The deliberate indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen,* 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir. 1997)).

To show that he suffered from an objectively serious medical need Plaintiff must show he "has been diagnosed by a physician as requiring treatment" or has an injury "that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (citation omitted).

For the subjective prong of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation." *Popoalii v. Correctional Med. Servs,* 512 F.3d 488, 499 (8th Cir. 2008) (citation omitted). "Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Id*.

It is well settled that "[a] prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." *Nelson v. Shuffman,* 603 F.3d 439, 449 (8th Cir. 2010) (internal citation omitted). An "inmate must clear a substantial evidentiary threshold to show the prison's medical staff deliberately disregarded the inmate's needs by administering inadequate treatment." *Id.* (internal citations omitted). Despite this, issues of fact exist when there is a question of whether medical

staff exercised independent medical judgment, and whether the decisions made by medical staff fell so far below the reasonable standard of care as to constitute deliberate indifference. *See Smith v. Jenkins,* 919 F.2d 90, 93 (8th Cir. 1990).

Deliberate indifference may also be manifested by "prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle,* 429 U.S. at 104–05. However, the "Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish." *Jenkins v. County of Hennepin, Minn.,* 557 F.3d 628, 633 (8th Cir. 2009). "A prisoner alleging a delay in treatment must present verifying medical evidence that the prison officials 'ignored an acute or escalating situation or that [these] delays adversely affected his prognosis[,]'" *Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011) (citations omitted), unless the need for medical attention is obvious to a layperson, in which case the plaintiff need not submit verifying medical evidence to show the detrimental effects of delay. *See Schaub,* 638 F.3d at 919 (citing *Roberson v. Bradshaw*, 198 F.3d 645, 648 (8th Cir. 1999)); *Aswegan v. Henry,* 49 F.3d 461, 464 (8th Cir. 1995); *cf. Boyd v. Knox*, 47 F.3d 966, 969 (8th Cir. 1995) ("noting that a delay in treatment, coupled with knowledge that an inmate is suffering, can support a finding of an Eighth Amendment violation").

There is no dispute that Plaintiff's broken right wrist constitutes an objectively serious medical need, thus meeting the first prong of the deliberate indifference test. His allegations, however, do not meet the second, subjective, prong of the deliberate indifference test. The following facts are undisputed. Plaintiff was arrested on May 24, 2018, and then transported to the ADC for a 144-month sentence on June 19, 2018. (ECF No. 32 at 2). Plaintiff was taken to Baptist Health Malvern for evaluation of his wrist the day he was arrested. The medical records from Baptist Health indicated a final diagnosis of a "closed fracture of right wrist." (ECF No. 32-

2 at 10). The x-ray indicated a "subacute fracture of the distal radius and ulnar styloid process." (*Id*.). Plaintiff reported to the Baptist Health staff that he had fallen two weeks earlier and injured the wrist. (*Id*. at 8, 30). Plaintiff was given pain medication, advised to schedule an appointment with orthopedics as soon as possible, and given exercises for a wrist fracture with rehab. (*Id*. at 11, 23-27, 34). There is no notation in Plaintiff's Baptist Health medical record indicating that Plaintiff needed immediate surgery for his wrist.

On May 30, 2018, Plaintiff filed a Medical Request with HSCDC stating that the City of Malvern broke his wrist when he came in, and the ER told him he needed surgery as soon as possible. He also stated he was in pain and needed medication. (ECF No. 32-3 at 1). Plaintiff was seen by the Jail doctor, who noted that Plaintiff's right wrist was in a splint and prescribed ibuprofen and diclofenac for pain. The doctor further noted he would speak to administration about Plaintiff. (ECF Nos. 32 at 1; 32-3). The jail medication log indicates Plaintiff received the pain medication prescribed, and he refused it on several occasions. (ECF No. 32-4). There are no further Medical Requests in the record, and Plaintiff was transferred to the ADC on June 19, 2018. (ECF No. 32 at 2).

Plaintiff has alleged that Defendant Lingo denied him the opportunity to be seen and operated on by an orthopedic surgeon in a timely manner, thus resulting in significant loss of use in his right hand. Plaintiff has not, however, provided any verifying medical evidence that Defendant Lingo ignored an acute or escalating situation or that the failure to take him to an orthopedic specialist during the 26 days he was incarcerated in HSCDC adversely affected his prognosis. Nor was his injury one where the need for immediate medical attention would be obvious to a layperson. Plaintiff was taken for medical care on the day of his arrest, and when he put in a Medical Request he was taken to see the Jail Doctor and prescribed pain medication.

Neither the medical records, nor the Medical Request notation, indicates that Plaintiff needed immediate surgery on his right wrist. At most, Plaintiff has alleged negligence, which is not actionable under § 1983. *See Jenkins,* 557 F.3d at 633 (the "Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish."); *Bryan v. Endall*, 141 F.3d 1290, 1291 (8th Cir. 1998) ("even if the treatment [for Plaintiff's broken hand] was inadequate, and even if the inadequacy would have amounted to negligence in a state-law tort case claiming medical malpractice, more must be shown to establish a constitutional violation.").

### IV. CONCLUSION

Accordingly, it is recommended that Defendant Lingo's Motion for Summary Judgment (ECF No. 30) be GRANTED and this case be DISMISSED WITH PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 16th day of January 2020.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE