IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CLAYTON DEAN MORRISON                                                    PLAINTIFF

v.                            Civil No. 6:18-cv-6058

LIEUTENANT LINGO                                                         DEFENDANT

## ORDER

Before the Court is the Report and Recommendation filed January 16, 2020, by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 42). Judge Ford recommends that the Court grant Defendant's motion for summary judgment (ECF No. 30) and dismiss this case with prejudice. Plaintiff Clayton Dean Morrison filed objections. (ECF No. 43). The Court finds the matter ripe for consideration.

## I. BACKGROUND

Plaintiff filed this suit pursuant to 42 U.S.C. § 1983, alleging that Defendant was deliberately indifferent to his serious medical needs by denying him surgery to repair broken bones in his wrist while he was incarcerated in the Hot Spring County Detention Center ("HSCDC") from May 24, 2018, through June 19, 2018. Plaintiff asserts individual and official capacity claims against Defendant.

On July 15, 2019, Defendant filed the instant motion for summary judgment. (ECF 30). Defendant argues that Plaintiff's official capacity claims fail as a matter of law and that he is entitled to qualified immunity because Plaintiff failed to show an underlying constitutional violation. On August 26, 2019, Plaintiff filed a response opposing the motion. (ECF No. 39).

On January 16, 2020, Judge Ford issued the instant Report and Recommendation. (ECF No. 42). Judge Ford finds that Plaintiff failed to demonstrate that his injuries resulted from a policy or custom of the HSCDC and, thus, the official capacity claims against Defendant fail as a matter of law. Judge Ford also finds that Plaintiff's individual capacity claim of deliberate indifference fails as a matter of law because Plaintiff has not provided verifying medical evidence to support the claim and because his allegations, at most, constitute negligence, which is not actionable under section 1983. Thus, Judge Ford recommends that the Court grant Defendant's summary judgment motion and dismiss this case with prejudice.

On January 29, 2020, Plaintiff filed what is styled as a "Response to Summary Judgment." (ECF No. 43). Plaintiff appears to argue that his injury was so obvious that even a layperson would recognize the need for medical treatment. He also seems to argue that he has demonstrated that Defendant had a duty to provide him a certain standard of care and that Defendant failed to do so, which proximately caused Plaintiff's injuries.

Generally, objections to a Report and Recommendation must be "timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). Although Plaintiff's response to summary judgment (ECF No. 43) does not specifically reference the Report or Recommendation or its findings, the Court will construe it as an objection. *See Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (requiring a liberal construction of *pro se* objections).

## II. DISCUSSION

The Court will first address Judge Ford's findings regarding Plaintiff's official capacity claim. The Court will then address Plaintiff's individual capacity claim.

### A. Official Capacity Claim

Judge Ford finds that Plaintiff's official capacity claim fails as a matter of law because Plaintiff did not demonstrate that his injuries were caused by an official policy or custom of the HSCDC. Even when liberally construed, Plaintiff's objections are not responsive to this finding. At most, Plaintiff seems to argue that the facts at issue in this case occurred while he was incarcerated in the HSCDC.

Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Accordingly, Plaintiff's official capacity claims are treated as claims against Hot Spring County, Arkansas. *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010).

"[I]t is well established that a municipality [or county] cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). To establish Hot Spring County's liability under section 1983, a "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted).

To establish the existence of an unconstitutional policy, Plaintiff must point to "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler v. Whiteledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). A custom conflicting with a written policy can support an official capacity claim. *Johnson v. Douglas Cnty. Med. Dept.*, 725 F.3d 825, 829 (8th Cir. 2013). However, a single deviation from a written policy does not establish a custom but, rather, to establish the existence of such a custom, Plaintiff must demonstrate:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Id.* at 828.

The Court agrees with Judge Ford that Plaintiff has not provided any evidence showing that he suffered a constitutional violation pursuant to an official custom, policy, or practice of Hot Spring County. Neither Plaintiff's response to the summary judgment motion (ECF No. 39) nor his objections to the Report and Recommendation (ECF No. 43) point the Court to any evidence along these lines. "[A] party opposing a motion for summary judgment may not rest upon the mere allegations or denials of the pleadings, but by affidavits or as otherwise provided in Rule 56 must set forth specific facts showing that there is a genuine issue for trial." *Jaurequi v. Carter Mfg. Co.*, 173 F.3d 1076, 1085 (8th Cir. 1999) (alteration in original). "A district court has no obligation to plumb the record in order to find a genuine issue of material fact." *Barge v. Anheuser-Busch, Inc.*, 87 F.3d 256, 260 (8th Cir. 1996) (internal quotation marks omitted). "Nor is the court required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *Id.* (internal quotation marks omitted).

Plaintiff has not set forth evidence of specific facts demonstrating that he suffered a constitutional violation pursuant to an official custom, policy, or practice of Hot Spring County. Accordingly, the Court finds that Plaintiff's official capacity claim fails as a matter of law and summary judgment is appropriate on this claim.

**B. Individual Capacity Claim**

Judge Ford also finds that Plaintiff's deliberate indifference claim fails as a matter of law because he did not provide verifying medical evidence and because his allegations establish negligence, at most, which is not actionable under section 1983. Plaintiff objects, arguing that his injury was so obvious that even a layperson could recognize the need for medical treatment. Plaintiff also appears to assert that he has established the requisite elements for a negligence claim.

The Eighth Amendment prohibition of cruel and unusual punishment prohibits deliberate indifference to prisoners' serious medical needs. *Luckert v. Dodge Cnty.*, 684 F.3d 808, 817 (8th Cir. 2012). To prevail on his Eighth Amendment claim, Plaintiff must prove that Defendant acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

The deliberate-indifference standard includes "both an objective and a subjective component: 'The [plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (alterations in original). To show that he suffered from an objectively serious medical need, Plaintiff must show he "has been diagnosed by a physician as requiring treatment" or has an injury "that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011). To satisfy the subjective prong of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation. Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008) (internal quotation

marks and citation omitted).

Deliberate indifference may be manifested by "prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. at 104-05 (1976) (internal footnotes omitted). However, the "Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish." *Jenkins v. Cnty. of Hennepin, Minn.*, 557 F.3d 628, 633 (8th Cir. 2009). The objective seriousness of delay in treatment must be measured by reference to the effect of delay, which must be shown by verifying medical evidence in the record. *Laughlin v. Schriro*, 430 F.3d 927, 929 (8th Cir. 2005). *But see Schaub*, 638 F.3d at 919 (stating that submission of verifying medical evidence is unnecessary where the need for medical attention would have been obvious to a layperson).

Plaintiff's argument seems to be that he is not required to provide verifying medical evidence measuring the effect of the delay in treatment because his wrist injury was so serious that even a layperson would have known that medical attention was necessary. However, he has provided nothing but his own argument that his injury was so serious that a layperson would have recognized the need for immediate treatment. Judge Ford noted that Plaintiff received medical care on the day of his arrest and received pain medication from the jail doctor at the HSCDC. Although it is undisputed that Plaintiff was diagnosed with a closed wrist fracture on the day of his arrest, he was discharged with instructions to schedule an orthopedics appointment. Judge Ford noted that neither Plaintiff's medical records, nor his medical request, indicated that he needed immediate surgery on his wrist.

As stated above, Plaintiff bears the burden of setting forth evidence demonstrating specific facts creating a genuine issue for trial. Without any evidence that his injury was so serious that a layperson would recognize the need for immediate medical treatment, Plaintiff is not excused from

6

his obligation to place verifying medical evidence in the record showing the objective seriousness of delay in treatment. Plaintiff did not point to any verifying medical evidence, and the Court agrees with Judge Ford that, at most, the undisputed facts in this case constitute negligence, which is not actionable under section 1983. *Popoalii*, 512 F.3d at 499. Accordingly, the Court finds that Plaintiff's deliberate indifference claim fails as a matter of law and summary judgment should be granted on the claim.

### III. CONCLUSION

Upon *de novo* review of the Report and Recommendation and for the reasons discussed above, the Court finds that Plaintiff's objections offer neither error of law nor fact which would cause the Court to deviate from Judge Ford's Report and Recommendation. Thus, the Court hereby overrules Plaintiff's objections and adopts the Report and Recommendation (ECF No. 42) *in toto*. Defendant's motion for summary judgment (ECF No. 30) is hereby **GRANTED**. This case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 31st day of January, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge